# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

GLEN T. DOTSON,                                                               PLAINTIFF
Reg. No. 33121-044

v.                           2:21CV00147-BSM-JTK

FEDERAL BUREAU OF PRISONS, et al.                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**I.   Introduction**

Plaintiff Glen T. Dotson ("Plaintiff") is in custody at the Federal Bureau of Prisons Forrest City Low Correctional Complex ("Forrest City"). He filed a pro se civil action by way of a Request for Emergency Injunction, as well as a Motion to Proceed in forma pauperis, which was granted. (Doc. Nos. 1, 8, 9). The Court will now screen Plaintiff's pleading pursuant to the Prison Litigation Reform Act ("PLRA").

**II.   Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing

pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. Discussion

In his pleading, Plaintiff identified himself as the Petitioner, and the Federal Bureau of Prisons and Forrest City Warden John P. Yates and Respondents. (Id. at 1). Plaintiff asserts he is serving an illegal sentence and says he will file an actual innocence claim soon. (Id.) Plaintiff also alleges unlawful conditions of confinement, including a lockdown and "gross and inhumane conditions." (Id. at 2-4). According to Plaintiff, he was one of over one-thousand inmates who participated in a hunger strike as a result of the conditions at the prison. (Id. at 3). He seeks injunctive relief in the form of "normal operations as previous to the September 2021 shakedown" and a "safe, secure and clean living environment." (Id. at 5).

Plaintiff explains that he has not completed his "Administrative Remedy Process." (Doc. No. 1 at 1-2). According to Plaintiff, he "is currently awaiting a response from the Warden at his BP-9 level." (Id. at 2).

Plaintiff cannot proceed with this civil action at this time because he has not completed his administrative remedies. Under the PLRA, the courts shall dismiss an action that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A. Exhaustion under the PLRA is

mandatory. Jones v. Bock, 549 U.S. 199, 211 (2007). Failure to exhaust is an affirmative defense. But when it is apparent from the face of the complaint that a plaintiff has failed to exhaust his administrative remedies, the court may dismiss the pleading for failure to state a claim. Id. at 214-15. Such is the case here. Plaintiff in no uncertain terms informed the Court that he has not completed his administrative remedies. As such, Plaintiff's action should be dismissed.

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that this action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

IT IS SO ORDERED this 17th day of November, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE