# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

GLEN T. DOTSON,                                                                    PLAINTIFF
Reg. No. 33121-044

v.                                     2:21CV00147-BSM-JTK

FEDERAL BUREAU OF PRISONS, et al.                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I.   Introduction

Glen T. Dotson ("Plaintiff") is in custody at the Federal Bureau of Prisons Forrest City Low Correctional Complex ("Forrest City"). He filed a pro se civil action by way of a Request for Emergency Injunction, as well as a Motion to Proceed in forma pauperis, which was granted. (Doc. Nos. 1, 8, 9).

On November 17, 2021, the Court recommended that this action be dismissed because Plaintiff did not exhaust his administrative remedies before filing suit. (Doc. No. 10). On June 17, 2022, United States District Judge Brian S. Miller rejected the Recommendation because, in the interim, Plaintiff filed an Amended Complaint. (Doc. Nos. 17, 19). The Court will now screen

Plaintiff's amended pleading (Doc. No. 17) pursuant to the Prison Litigation Reform Act ("PLRA").

## II.   Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.   Discussion

At the time Plaintiff filed suit, he had not exhausted his administrative remedies and explained as much in his original pleading.  (Doc. No. 1 at 1-2; Doc. No. 10).  As such, this case should be dismissed, regardless of Plaintiff's Amended Complaint (Doc. No. 17).

Plaintiff may have intended for his Amended Complaint to initiate a new lawsuit. Plaintiff's attempt to do so would be futile, because Plaintiff's Amended Complaint fails to state a claim for which relief may be granted and should be dismissed.

In his Amended Complaint, Plaintiff sued Federal Bureau of Prison Warden John P. Yates, Case Manager Michael Danaher, and Counselor Christopher Halk under 42 U.S.C. § 1983 and Bivens v. Six Unknown Agents of Federal Bureau of Narcotics. 403 U.S. 388 (1971). (Id. at 1-2). Plaintiff alleges: he was denied his right to recreation on September 18, 2021 due to mass punishment at the prison; was unable to work at his prison job; and lived in gross and inhumane conditions. (Id. at 3-4). Plaintiff took part in a hunger strike from October 20-24, 2021. (Id. at 4). Plaintiff claims he was light-headed and had symptoms of low blood sugar and hunger pains from the lack of food and medical attention. (Id.). Plaintiff asserts Defendant Yates subjected Plaintiff to lack of food because Plaintiff was pressured by other inmates to engage in the hunger strike, and Defendant Yates did not have control of the situation. (Id.).

Plaintiff also alleges Defendants Halk and Danaher retaliated against Plaintiff by moving Plaintiff to a different unit; the retaliation was allegedly in connection with Plaintiff's earlier judicial filings. (Doc. No. 17 at 4-5). Plaintiff makes conditions of confinement claims about his new unit. (Id.). He seeks damages and injunctive relief. (Id. at 7).

While Plaintiff sued under 42 U.S.C. § 1983 and Bivens, Plaintiff's claims are properly characterized as falling under Bivens only. "[A] *Bivens* action is the federal analog to suit brought against state officials under . . . 42 U.S.C. § 1983." Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006). A claim under Bivens is the same as an action under 42 U.S.C. § 1983, "except that the former is maintained against federal officials while the latter is against state officials." Sanchez v. U.S., 49 F.3d 1329, 1330 (8th Cir. 1995) (per curiam). Generally, case law analyzing 42 U.S.C.

§ 1983 claims applies to Bivens cases. See Ibrahim v. United States, 868 F. Supp. 2d 27, 30 (E.D.N.Y. 2012).

### A. Official Capacity Claims

Plaintiff did not specify the capacity in which he is suing Defendants. "If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir.1995). A claim against an official of the United States is the equivalent to a claim against the United States; sovereign immunity bars Bivens claims against the United States. Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998) ("[A] Bivens action cannot be prosecuted against the United States and its agencies because of sovereign immunity."). A "prisoner may not bring a *Bivens* claim against the . . . BOP." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001). Accordingly, Plaintiff's allegations fail to state a claim on which relief may be granted and should be dismissed.

### B. Personal Capacity Claims

Even if Plaintiff brought suit against Defendants in their personal capacities, his claims would fail. In determining whether Plaintiff's allegations may proceed under Bivens, the first question is whether his case is "the type for which a *Bivens* remedy is available." Farah v. Weyker, 926 F.3d 492, 497 (8th Cir. 2019). The United States Supreme Court has recognized an implied cause of action under Bivens on only three occasions. (Id. at 497-98). The three cases in which the Supreme Court recognized a Bivens claim included: Bivens, 403 U.S. 388 (allegedly unlawful arrest and warrantless search in violation of the Fourth Amendment); Carlson v. Green, 446 U.S. 14 (1980) (failure to treat prisoner's asthma in violation of the Eighth Amendment); and Davis v.

4

Passman, 442 U.S. 228 (1979) (sex discrimination in violation of Fifth Amendment due process rights).

In a more recent case, the Supreme Court warned that while "*Bivens* is well-settled law in its own context . . . expanding the *Bivens* remedy is now a 'disfavored' judicial activity." Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017). Indeed, the Supreme Court has "consistently refused to extend *Bivens* to any new context or new category of defendants . . . ." Id. (internal citation omitted). "[F]or almost 40 years, [the Supreme Court] [has] . . . rebuffed requests to add to the claims allowed under *Bivens*." Hernandez v. Mesa, 140 S. Ct. 735, 743 (2020). Instead, "private rights of action to enforce federal law must be created by Congress." Id. at 742 (internal citation omitted). In Egbert v. Boule, ___ U.S. ___, 2022 WL 2056291 (2022), the United States Supreme Court eliminated any room for doubt that extending Bivens is disfavored.

Courts undertake a two-step analysis to determine if an implied cause of action under Bivens exists. Farah, 926 F.3d at 498. The first step is to ascertain whether the case presents "one of 'the three Bivens claims the [Supreme] Court has approved in the past' or whether, instead, allowing the plaintiffs to sue would require us to extend Bivens to a new 'context.'" Id. If the claim presented is not one that has been previously recognized, courts consider whether "special factors counsel[] hesitation" in extending Bivens to the claims at hand. Id.

1. **New Context**

Plaintiff brings claims that arise under the First and Eighth Amendments. The Supreme Court has not recognized a cause of action under Bivens for First Amendment violations. Boule, 2022 WL 2056291, at *9 (First Amendment retaliation claim presents a new Bivens context.)

Plaintiff alleged that his conditions of confinement violated the Eighth Amendment. While both Plaintiff's case and Carlson involve Eighth Amendment claims, the facts of the cases and the nature of the alleged violations are different. In Carlson v. Green, 446 U.S. 14 (1980), a cause of action under Bivens was found for the failure to treat a prisoner's asthma, in violation of the Eighth Amendment. Conditions of confinement were not an issue in that case.

Plaintiff does allege he suffered symptoms of low blood sugar from "lack of" food and medical care—but he has not alleged that he was denied medical care, and none of the attachments to Plaintiff's Amended Complaint reflect that denial of medical care was at issue. (Doc. No. 17 at 9-28).

As such, the Court must determine if the differences between this case and the earlier cases in which a cause of action under Bivens was found "'are meaningful enough to make [this] context a new one.'" Farah, 926 F.3d at 498. The context will be considered new if "the case is different in meaningful way from the previous *Bivens* cases" decided by the Supreme Court. Abbasi, 137 S. Ct. at 1859. In deciding whether a context is new, courts consider the following factors, among others:

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; [and] the presence of potential special factors that previous *Bivens* cases did not consider.

Farah, 926 F.3d at 498 (citing Abbasi, 137 S. Ct. at 1859-60).

Plaintiff's allegations of unlawful conditions of confinement are not in the least similar to the earlier cases.

Plaintiff alleges "lack of" medical care when he participated in a four-day hunger strike, but Plaintiff does not allege the intentional denial of medical care. As to the facts underlying

6

Carlson, the prisoner, who suffered from chronic asthma, was admitted to the hospital and remained there in serious condition for eight hours before a doctor saw him. Green v. Carlson, 581 F.2d 669, 671 (7th Cir. 1978). Eventually the prisoner received two injections, shortly after which he went into respiratory arrest. (Id.). And while two men tried to administer an electric jolt to the prisoner, neither of them knew how to operate the equipment. (Id.). The prisoner died. (Id.).

The factual differences between the case at hand and Carlson are vast, with respect to both how the claims arose and the damage alleged. "When . . . meaningful differences exist, it is not enough to identify a few similarities." Ahmed v. Weyker, 984 F.3d 564, 570 (8th Cir. 2020). When meaningful differences exist, a modest extension is nonetheless an extension, "even if [the claim] involves 'the same constitutional provision.'" Id. (internal citation omitted). Here, because there is no allegation of the denial or delay of medical care, there does not appear to be a deliberate indifference claim at play. As such, Plaintiff's claims are not of the type brought in Carlson. Further, Plaintiff chose to engage in a four-day hunger strike, and suffered only light-headedness, hunger pains, and "almost" passed out. Additionally, Plaintiff's allegations do not sufficiently plead deliberate indifference because Plaintiff does not specify who allegedly knew of his serious medical needs but disregarded those needs. The Court finds Plaintiff's Eighth Amendment claims present a new context for the purposes of Abbasi.

### 2.  Special Factors Counseling Hesitation

Because the Court determined Plaintiff's claims present a new context, the determination as to whether an implied cause of action under Bivens exists proceeds to the second step of the analysis: do any "special factors counsel[] hesitation" in allowing the case to proceed as a new Bivens cause of action in the absence of affirmative action by Congress? Farah, 926 F.3d at 500.

7

If Congress already has provided a remedial structure, courts "may not fashion a <u>Bivens</u> remedy." <u>Boule</u>, 2022 WL 2056291, at *6. As the Supreme Court explained, "[i]f there are alternative remedial structures in place, 'that alone,' like any special factor, is reason enough to 'limit the power of the Judiciary to infer a new *Bivens* cause of action.'" <u>Id</u>. (quoting <u>Ziglar</u>, 137 S. Ct. at 1858). Further, in considering whether special factors counsel hesitation, it does not matter "that 'existing remedies do not provide complete relief.'" <u>Id</u>. (internal citation omitted).

In <u>Boules</u>, the Supreme Court held "that there is no Bivens action for First Amendment retaliation. There are many reasons to think that Congress, not the courts, is better suited to authorize such a damages remedy." <u>Id</u>. at 9. Accordingly, Plaintiff's First Amendment retaliation claims should not be allowed to proceed under <u>Bivens</u>.

The Court otherwise finds special factors counsel hesitation in allowing this case to proceed under <u>Bivens</u>. First, an inmate may seek relief through the BOP's grievance procedure. Second, an inmate may seek relief through a claim under the Federal Torts Claims Act. Allowing Plaintiff's claims to proceed under <u>Bivens</u> would engage the courts in disputes that could be and should be raised administratively, which is disfavored. (See <u>Abbasi</u>, 137 S. Ct. at 1865; <u>Farah</u>, 926 F.3d at 501-02; 28 C.F.R. §§ 542.10-.19). Providing a remedy for Defendants' alleged wrongs in this case lies in Congress's realm. See <u>Id</u>. Accordingly, Plaintiff's claims should be dismissed without prejudice for failure to state a claim on which relief may be granted.

If Plaintiff intended to open a new case with his Amended Complaint, and still wishes to do so after considering this Recommendation, he should let the Court know in any Objections he wishes to file to the Recommendation.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that this action be DISMISSED without prejudice for failure to exhaust administrative remedies.

IT IS SO ORDERED this 21st day of June, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE